## No. 12,794.

GOLDSWORTHY *v.* ANDERSON ET AL.
(21 P. [2d] 718)

Decided April 24, 1933.

Mr. L. C. KINIKIN, for plaintiff in error.

Messrs. SMITH, BROCK, AKOLT & CAMPBELL, Mr. MILTON R. WELCH, for defendants in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff in error Goldsworthy brought this action in behalf of himself and his alleged assignors to recover deposits made in the Bank of Telluride, Colorado, between August 6, 1929, and September 6, 1929, naming as defendants Charles A. Chase, William Anderson and John C. Anderson, the defendants in error here, and other individuals who are not parties to this writ of error. Chase, William Anderson and John C. Anderson, defendants in error, who were directors of the bank, filed their separate answers to the complaint denying all the material allegations thereof. At the conclusion of the plaintiff's testimony the defendants in error filed their several motions for nonsuit, which were granted and judgment of dismissal was entered accordingly, to review which the plaintiff is here with this writ of error.

The complaint contains fourteen separate causes of action. The first cause of action alleges that the Telluride bank was insolvent on September 6, 1929, and was placed in the hands of the state bank commissioner and that on this date the bank was unable to meet the demands of its creditors in the usual course of business and had been in such condition for more than thirty days prior to September 6, and the actual cash market value of the assets of the bank were insufficient to pay its liabilities, other than its own capital stock, surplus and undivided profits; that between the 6th day of August and the 6th day of September, 1929, the bank received from the hands of the plaintiff deposits of moneys, checks,

drafts and other commercial paper of a certain designated amount and that the bank was insolvent and defendants well knew the same and notwithstanding such knowledge, did then and there knowingly permit and assent to the reception of deposits to plaintiff's injury, and that plaintiff had no knowledge of the insolvency. The remaining thirteen causes of action are the same as the first except as to the name of the depositor, the amount of the deposits and assignment of the cause of action thereof to the plaintiff. The three defendants in error, defendants below, filed separate defenses to the complaint in which they deny all the material allegations thereof touching their liability as directors for the alleged losses sustained by the plaintiff, and in which they affirmatively allege that the bank was not insolvent and that the state bank examiner had in his possession sufficient moneys to pay all claims against the bank including those of the plaintiff.

When the plaintiff rested his case a motion in behalf of each of the defendants in error was made for a nonsuit upon the ground that the showing made was insufficient to justify a judgment in plaintiff's favor. The court sustained the motions and dismissed the action. Plaintiff in error, Goldsworthy, one of the depositors, is here with this writ of error representing himself and thirteen other depositors who had assigned to him their claims against the defendants.

The action instituted by the plaintiff was avowedly based upon section 2676, C. L. 1921, which reads as follows: "No bank shall receive any deposit when it is insolvent, nor shall any officer, director or employe of any bank knowingly permit the same. An action may be had to recover any deposits received in violation hereof, and the bank and all officers, directors and employes thereof knowingly permitting the same, and their personal representatives, may be joined as defendants, and joint and several judgment be recovered against them. No officer, director or employe of any bank shall receive or assent

to the reception of any deposit of money or other valuable thing by such bank or create or assent to the creation of any debt or liability by such bank after he shall have had knowledge of the fact that such bank is insolvent. Upon the trial of any person charged with an offense under this section, evidence of the failure of such bank at any time within thirty days after the reception of such deposit or the creation of such indebtedness, shall be received as prima facie evidence of knowledge on the part of the person charged, that such bank was insolvent at the time of the reception of such deposit or the creation of such indebtedness.''

■ The briefs of counsel, particularly the separate briefs of the three defendants in error, have taken a wide range. Some of the contentions will not be considered because of the view we take of the controlling and decisive question in the case. The trial court in passing upon the motion for nonsuit said, among other things, that it was necessary and essential that the plaintiff prove insolvency and knowledge thereof by defendants at the time the deposits were made. An essential part of the proof thereof was a copy of the report which had been prepared by examiners under the direction of the state bank commissioner of Colorado after he had taken possession of the bank after its closing. When plaintiff produced this report he thereby vouched for its accuracy, so far as the issues herein involved are concerned, and the court in admitting the same received it without any limitation or restriction. The court said that the defendants, whose connection with the bank was that of directors, never had any knowledge of the true condition of the bank, and since they were on trial not for negligence or laches or negligence of duty other than that they knowingly permitted and assented to the deposits made by the plaintiff between August 6, 1929, and September 6, 1929, their liability, if any, depends upon their alleged knowledge of the true condition of the bank at the time the deposits were received. The trial court further said that neither

of the defendants in error assented to or knowingly permitted any deposits to be made, except only such as they themselves made in the due course of business which were deposited to the credit of their own account, and in its finding the court further said that neither of them knew at the time that the bank was insolvent, if it was so, and the plaintiff has failed to offer any evidence of knowledge on their part or that they permitted or assented to the deposits now claimed as a preference by the plaintiff. The court further said that if the issues were submitted to the jury upon the evidence as tendered by the plaintiff the losses and forged paper do not equal the amount of the capital stock, surplus and undivided profits, and that there was no proof produced by the plaintiff as to the value of items in the column of assets belonging to the bank and for that reason neither the court nor the jury would have a right to place any value thereon other than the one contained in the inventory which was introduced by the plaintiff himself. In substance, the court found that if the inventory value is allowed the items of cash on hand and cash in correspondent banks and other items listed as cash, would equal the liabilities, or, otherwise stated, the court held that insolvency had not been proven by the plaintiff and upon his own showing he was not entitled to relief as against either of these defendants in error, and if a verdict was rendered for plaintiff by the jury on the showing made, it would be the duty of the court, on motion, to set it aside, and, therefore, the motion for nonsuit was sustained and the action was dismissed.

We have examined the transcript of the evidence in this case, the abstract of the record being incomplete and unsatisfactory, and we are in accord with the trial court that insolvency was not established, and the motion for nonsuit was properly sustained on that ground alone. We might stop here but in view of the insistence by counsel for plaintiff in error that the judgment below was

manifestly wrong, we deem it proper that something further be said.

██ ██ Counsel for the defendants in error in their separate briefs strenuously argue that although section 2676 above reproduced states that upon the trial of any person charged with an "offense" under this section, evidence of the failure of such bank at any time within thirty days after the reception of such deposits, or the creation of such indebtedness, shall be received as prima facie evidence of knowledge on the part of the person charged that such bank was insolvent at the time of the reception of such deposit or the creation of such indebtedness, nevertheless this statute does not provide a remedy for damages in a civil action, but merely gives a remedy for a crime committed. The point they seek to make is that inasmuch as the word "offense" is used in the section, it is restricted to criminal cases and does not extend to civil actions brought by depositors who have lost their money by the failure of the bank. Without discussing this question at length it is sufficient to say, as stated by the Supreme Court of Pennsylvania in *Commonwealth v. Brown,* 264 Pa. St. 85, at page 90: "The word 'offense,' while sometimes used in various senses, generally implies a crime or misdemeanor, infringing public as distinguished from mere private rights, and punishable under the criminal laws." And the court added: "It may also include the violation of a penal statute for which the remedy is merely a civil suit to recover the penalty." While it is not necessary to a decision of this case definitely so to decide, nevertheless we are of the opinion that the word "offense" in this section is sufficiently comprehensive to include an action, like the present one, to recover as against directors of a bank, in a civil action, a penalty prescribed by the section for the violation of its provisions. 46 C. J., p. 907, §3C.

██ We think the trial court, in its ruling upon the motion for a nonsuit, was correct in its statement that the insolvency of the bank was not established, and its

further statement was well sustained by the evidence that neither of these defendants in error, who were directors of the bank, assented to or knew of the alleged deposits of the plaintiff in error in the bank at the time of its alleged insolvency. There was no evidence whatever of such knowledge and each of the defendants in error positively denied that he ever knew of any deposits being made during the time in question except the deposits made by himself. We might conclude our opinion at this point but we deem it fitting to comment upon several well-reasoned cases in which the doctrine was announced that makes the case as made by the plaintiff here untenable.

In *Utley v. Hill*, 155 Mo. 232, 55 S. W. 1091, the Missouri court held in an action under the statute of Missouri, similar in language to our section 2676, supra, that directors who assented to the reception of deposits after they had presumptive knowledge that the bank was insolvent, or in failing circumstances, were not liable unless they had actual knowledge thereof, and that mere failure or neglect on their part to investigate the affairs of the bank did not render them liable under the statute in question nor estop them from pleading ignorance of the bank's condition, and that the word "knowledge" which the law requires that a director shall have in order to render him liable under the statute means a guilty knowledge, not an innocent, bona fide ignorance arising from neglect to keep posted. *People v. Clark*, 329 Ill. 104, 160 N. E. 233, is in line with the Utley case. In *Yates v. Jones National Bank*, 206 U. S. 158, 27 Sup. Ct. 638, 645, the Supreme Court of the United States, in an opinion by Mr. Justice White, in speaking of the decision by the trial court in that case said: "The doctrine, as we have seen, upon which the court below rested its judgment was that directors of a national bank who merely negligently participated in or assented to the making and publishing of an untrue official report of the condition of the bank, were civilly liable to anyone deceived to his injury by such report. Indeed, in one aspect, the ruling below went

further than this, since it was, in substance, decided that, despite the exercise of diligence by the director, if he attested an untrue report he was civilly liable because he did so at his risk, since it was his duty to know or to refrain from acting. That this imposed a higher standard of conduct than was required by the statute is obvious, but is clearly also established by previous decisions of this court, pointing out that where by law a responsibility is made to arise from the violation of a statute knowingly, proof of something more than negligence is required, that is, that the violation must in effect be intentional.'' This statement of the learned Justice is peculiarly applicable here, either to a civil suit or criminal action under our section 2676, supra, upon which the plaintiff's action here is based, as our section purports to impose a liability upon a director of a bank who knowingly permits receipt of a deposit when the bank is insolvent and which further declares that a director of the bank knowingly permitting the same may be held liable to the depositor. There is no proof whatever in this record, or any offer of proof, that there was ever any intention upon the part of these directors to violate the provisions of this statute. As said by the Supreme Court of the United States, proof of something more than negligence in such a case is required before a conviction can be imposed. Under a statute like this a director of a bank may not be held, either civilly or criminally, for a violation of the provisions of the statute unless the evidence shows that he intended to violate its provisions.

The judgment is affirmed.